# Court of Appeals
# of the State of Georgia

ATLANTA, __December 04, 2024__

*The Court of Appeals hereby passes the following order:*

## A25E0043. JAY R. PATEL, et al. v. HONORABLE TANGELA M. BARRIE, JUDGE.

This case began when Mukesh C. Patel, Rishi M. Patel (individually and in his capacity as Executor of the Estate of Hasmita M. Patel), and Ayesha M. Patel (collectively, "Respondents") obtained an arbitration award against Rajesh C. Patel, Jay R. Patel, Monica Patel, Sonial R. Patel, Shama R. Patel, and Mayur R. Patel (collectively, "Petitioners"). Following the arbitration, Petitioners filed an action in DeKalb County Superior Court seeking an order vacating the arbitration award and requiring a new arbitration proceeding to be held before a different arbitrator. Respondents counterclaimed for confirmation of the arbitration award and an order of final judgment. The DeKalb Superior Court denied the motion to vacate the arbitration award and instead confirmed that award and entered an order of final judgment. All of the Petitioners other than Rajesh Patel then filed their initial appeal in this Court, arguing, among other things, that the arbitration award was void because Rajesh Patel was in bankruptcy at the time of the arbitration proceedings. See *Jay R. Patel, et al. v. Mukesh C. Patel, et al.* (Case No. A19A0851). During the pendency of the initial appeal, the United States Bankruptcy Court for the Northern District of Georgia entered an order finding that the DeKalb Superior Court violated the automatic bankruptcy stay when it confirmed the award as to Rajesh Patel. In light of that order, we remanded the case to the DeKalb Superior Court for further proceedings. See October 21, 2019 Order (Case No. A19A0851).

On remand, the DeKalb Superior Court stayed proceedings, granting

Petitioners' motion that it do so until the Bankruptcy Court ruled on Respondents' motion in that court to annul the stay. After the Bankruptcy Court annulled the stay, the DeKalb Superior Court lifted its own stay and on May 9, 2023, that court again affirmed the arbitration award in favor of Respondents. All Petitioners other than Rajesh Patel then filed their second appeal to this Court. See *Jay R. Patel, et al. v. Mukesh C. Patel, et al.* (Case No. A24A0089).

While the second appeal in this Court was pending, Rajesh Patel filed an appeal in the United States Court of Appeals for the Eleventh Circuit challenging, inter alia, the Bankruptcy Court's decision to annul the stay. Because the question of the stay's validity remained uncertain, and because this Court is bound by Georgia's constitutionally-mandated two-term rule, we again remanded the case to the DeKalb Superior Court.[1] See May 14, 2024 Order (Case No. A24A0089). Our remand order stated: "[W]e remand this case to the DeKalb Superior Court for *further proceedings*, if necessary, *once the Eleventh Circuit rules* on the appeal of the Bankruptcy Court's order annulling the automatic stay under 11 USC § 362." (Emphasis supplied.)

Immediately following remand, Petitioners filed an emergency motion in the DeKalb Superior Court seeking to stay all proceedings in the case, including post-judgment discovery, until the Eleventh Circuit ruled on the appeal in Rajesh Patel's bankruptcy case. The special master assigned to the case denied that motion, finding that because this Court's remand order did not use the word "stay," nothing in that order precluded the parties from engaging in post-judgment discovery. The trial court subsequently affirmed the special master's order, finding that the court's May 2023 final order confirming the arbitration award had not been "vacated or modified by the Georgia Court of Appeals";«» that this Court "made no finding that a stay [was] warranted"; and that in the absence of a supersedeas bond (which Petitioners had

---

[1] In remanding the case, we noted that in light of the two-term rule, "allowing the case to remain pending here until the Eleventh Circuit rules is not an option."

declined to post, despite being ordered to do so), the execution of the final judgment could go forward. The DeKalb County court therefore concluded that "as long as [it did] not handle any matter dealing with the merits of the case, post-judgment discovery [could] continue." Petitioners have now filed the current Petition for Writ of Mandamus, seeking an order that requires the DeKalb County Superior Court to stay all post-judgment discovery until Rajesh Patel's bankruptcy appeal has been resolved.

Under Georgia law, following remittitur of an appealed case to the trial court, "[t]he decision of the appellate court and any direction awarded in the case . . . shall be respected and carried into full effect in good faith by the court below." OCGA § 5-6-10. See also OCGA § 9-11-60 (h) ("any ruling by the . . . Court of Appeals in a case shall be binding and all subsequent proceedings in that case in the lower court"); *Gold Kist v. Wilson*, 247 Ga. App. 107, 111 (542 SE2d 126) (2000) ("it is the duty of the trial court in good faith to carry into full effect the mandate of" the appellate court) (citation and punctuation omitted). Here, although this Court's May 2024 remand order did not specifically refer to the imposition of a stay, the order makes clear that the trial court could conduct additional, necessary proceedings only after the Eleventh Circuit rules on the pending bankruptcy appeal. And in light of the plain language of the remand order, the trial court erred in denying Petitioners' motion to stay the proceedings, including post-judgment discovery.

Accordingly, the petition for mandamus is GRANTED, and the Superior Court of DeKalb County is hereby ORDERED to stay all further proceedings in this case until the Eleventh Circuit issues a ruling in the pending appeal in Rajesh Patel's bankruptcy case.



*Court of Appeals of the State of Georgia*

  *Clerk's Office, Atlanta,  12/04/2024*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*